IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT CURTIS FINCH,                )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )  CV 109-158
                                     )
EAST CENTRAL REGIONAL HOSPITAL,)
AUGUSTA CAMPUS, et al.,              )
                                     )
        Defendants.                  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP")[1] in the above-captioned case. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or

---

[1]Plaintiff was granted permission to proceed IFP. However, he was also informed:

> If in the future, however, it appears that Plaintiff's financial situation has improved, the Court may act on its own initiative to require him to pay either the entire filing fee or an appropriately determined partial filing fee.

(Doc. no. 20, p. 1). The Court is aware that an inquiry has been made as to Plaintiff's IFP status in a separate case he has pending in the United States District Court for the Southern District of Georgia. Finch v. Memorial Health Hospital, Civil Case No. 609-090, doc. no. 11 (S.D. Ga. Feb. 1, 2010). If it becomes apparent that Plaintiff's financial situation is such that he can pay the entire filing fee, his IFP status may be reconsidered in this case as well.

malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on December 22, 2009, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 4). Plaintiff filed his amended complaint, and it is that document that the Court will now screen. (Doc. no. 9).

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the East Central Regional Hospital ("ECRH") as the sole Defendant in this case. (Doc. no. 9, p. 1). Plaintiff, states that between November 16, 2007 and December 7, 2007, he submitted 23 medical requests concerning severe back pain that caused injury to his hip area and other problems. (Id.). He further states that Defendant ECRH "negligently" did not provide adequate medical attention and did not provide a diagnosis for any complaint. (Id.). As a result, Plaintiff states that he was caused "body damage, dysfunction, los[s] of proper use of the body, mental and physical pain." (Id.). As such, he "demands judgment against Defendant for $100,000,000.00." (Id.).

## II. DISCUSSION

### A. Defendants Not Named In The Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 4, p. 3) (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told

that he must name all Defendants in the caption and the body of the amended complaint. (Id.). Upon review of the amended complaint, the Court finds that Plaintiff no longer names two of the original Defendants as parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendants (1) the State of Georgia (Thurbert E. Baker), and (2) the United States of America (Eric Holder), these two Defendants should be dismissed from this lawsuit.

### B. Defendant ECRH

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court also finds that Plaintiff fails to state a claim for relief against Defendant ECRH. First, Plaintiff does not explain how Defendant ECRH – as an entity – is capable of being sued for any improper actions that are alleged to have occurred. Second, while Plaintiff names ECRH as a Defendant, he only makes vague and conclusory allegations that this Defendant did not provide adequate medical attention or a diagnosis and therefore he was caused "body damage." Vague and conclusory allegations are insufficient to state a civil rights claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim).

Moreover, "Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). Nowhere does Plaintiff identify any action taken by an individual person. See Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980)

3

("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendant ECRH with an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant. On that basis, Defendant ECRH should be dismissed.

Additionally, "[t]he Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has clearly stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted); see Alabama v. Pugh, 438 U.S. 781, 781-82 (1978) (*per curiam*); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Moreover, 42 U.S.C. § 1983 does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."). Thus, to the extent Plaintiff is seeking relief pursuant to 42 U.S.C. § 1983 against the ECRH, a state-run hospital, the statute (42 U.S.C. § 1983) does not override state sovereign immunity afforded by the Eleventh Amendment.

Finally, regarding Plaintiff's state law claims, because Plaintiff has failed to state any viable federal claims against the only Defendant, his remaining potential state law claims

4

should also be dismissed because the Court lacks jurisdiction to entertain these claims. This Court derives its authority to decide Plaintiff's claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." <u>Id.</u> § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . . We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

<u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000); <u>see also</u> <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); <u>Rice v. Branigar Org., Inc.</u>, 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant

5

jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction should be dismissed, the Court also concludes that any potential state law claims should be dismissed without prejudice so that Plaintiff may, if he chooses, pursue them in state court.

Simply put, even *liberally* construing Plaintiff's amended complaint, he has not alleged sufficient information to show that he is entitled to relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the above-captioned complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, that Plaintiff's state law claims be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 25th day of February, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE